■ In the Matter of JOSEPH N. O. CAESAR, Appellant, v ALICE SACHS et al., Respondents. (Proceeding No. 1.) In the Matter of JOSEPH JEFFRIES-EL, Respondent, v JOSEPH N. O. CAESAR, Appellant, et al., Respondents-Respondents. (Proceeding No. 2.)—In proceedings to validate and invalidate a petition designating Joseph N. O. Caesar as a candidate in the Republican Party primary election to be held on September 15, 1987, for the party position of Male Member of the Republican State Committee from the 40th Assembly District, Kings County, and designating certain named persons as a committee on vacancies, the appeals are from two judgments of the Supreme Court, Kings County (Slavin, J.), both dated August 11, 1987, which denied the application to validate the petition (proceeding No. 1) and granted the application to invalidate the petition (proceeding No. 2), and directed that the Board of Elections of the City of New York remove the names of the persons named in the petition from the ballot.

Ordered that the judgments are reversed, on the law and the facts, without costs or disbursements, the application to validate the petition is granted, the application to invalidate the petition is denied, and the Board of Elections of the City of New York is directed to restore the names of the persons named in the petition to the ballot.

The Supreme Court, Kings County, found that the designating petition filed by the appellant in the present case was permeated with fraud. The drawing of an inference that a candidate possessed such a fraudulent intent is ordinarily a question of fact *(see, Matter of Ruiz v McKenna,* 40 NY2d 815, 816; *Matter of Hicks v Santiago,* 104 AD2d 471, 472). We find that the evidence in the record does not support the inference of fraud as a matter of law, or as a matter of fact *(see generally, Matter of Ferraro v McNab,* 96 AD2d 917, *affd* 60 NY2d 601; *Matter of Thomas v Simon,* 89 AD2d 952, *affd* 57 NY2d 744). Bracken, J. P., Niehoff, Rubin, Spatt and Harwood, JJ., concur.